UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BENJAMIN J. OLIVIER

CIVIL ACTION NO:

VERSUS

PROGRESSIVE SPECIALTY INSURANCE COMPANY; CMARIE TRANSPORTS; and JESSE R. CHATMAN

## NOTICE OF REMOVAL

Progressive Specialty Insurance Company, CMarie Transports, and Jesse R. Chatman, pursuant to 28 U.S.C. §§ 1441 and 1446, notice the removal of this action bearing case number C710796 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is properly before citizens of different states. The grounds for removal are as follows:

I.

According to the Petition for Damages, plaintiff, Benjamin J. Olivier, is a Louisiana resident domiciled in Terrebonne, Louisiana.

II.

Defendant, Progressive Specialty Insurance Company, is a foreign insurer duly organized under the laws of the State of Ohio and having its principal place of business in the State of Ohio.

III.

Defendant, CMarie Transports, LLC, is a Limited Liability Company, with one Member, Cornelius Baker, and its sole Member, is a resident of and domiciled in the State of Alabama.

IV.

Defendant, Jesse R. Chatman, is a resident of and is domiciled in the County of Mobile, State of Alabama.

V.

Plaintiff's, Benjamin J. Olivier, Petition for Damages alleges that as a result of the subject accident, he is entitled to recover damages for past, present and future

a.) Physical and mental pain, suffering, and anguish;

b.) Physical disability and/or impairment of functions and activities;

c.) Loss of income and/or loss of earning capacity;

d.) Loss of enjoyment of life; and

e.) Property damage

Plaintiff has not included any stipulation that his damages, individually, do not exceed $75,000.00, exclusive of interest and costs.

VI.

Plaintiff's, Benjamin J. Olivier, Petition for Damages further alleges that he has incurred and will in the future incur expenses, including medical expenses, drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel and other related and necessary expenses.

VII.

Progressive is in possession of Plaintiff Benjamin Olivier's limited medical records that he alleges are related to the subject accident that were provided by Plaintiff's counsel of record on June 29, 2022. The records indicate the following:

    a. Plaintiff's cervical spine MRI revealed a disc bulge at C6-7

    b. Plaintiff is treating with several medical providers and has undergone:

        i. approximately 12 months of chiropractic treatment

        ii. 3 C6-7 epidural steroid injections,

        iii. 2 sets of C4-7 medial branch blocks, and

        iv. 1 set of C4-7 RFAs

Plaintiff has provided records to Progressive that show his treatment to date has incurred medical bills of approximately $76,098.50, and that he continues to undergo treatment for the injuries he alleges are related to the subject accident.

VIII.

Considering the claim for damages asserted by plaintiff and considering the time delays allowed for filing this Notice of Removal, Defendant avers that the plaintiff's claims meet the jurisdictional limit required for removal.

IX.

For purpose of this removal, it is "facially apparent" from the Petition and the other paper, namely Plaintiff's medical records and bills received by Defendant, that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, when the plaintiff's claims against defendants are considered, and because plaintiff has not stipulated and the Petition for Damages does not aver that plaintiff's

causes of action do not exceed $75,000.00, exclusive of interest and costs, nor does plaintiff's Petition offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to Davis, et al v. State Farm, et al, Case 2:06-cv-00560-SSV-ALC (E.D. La. June 7, 2006).

X.

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F. 3d 730 (5th Cir. 2002).

XI.

If, under state law, the plaintiff will not be limited to recovery of the amount pleaded in his lawsuit, the Court must look to the true amount in controversy. See De Aguilar v. Boeing Co., 47 F. 3d 1404, 1410 (5th Cir. 1995).

XII.

"This maxim contemplates the existence of a state statute or doctrine that entitles a plaintiff to recover more than he has demanded. Louisiana is such a state, and has been at least since 1960 when its Code of Civil Procedure was enacted." Grant v. Chevron Phillips Chemical Co., 309 F. 3d 864, 869 (5th Cir. 2002).

XIII.

"It is a general rule that the sum claimed by the plaintiff controls if the claim is apparently made in good faith." De Aguilar, 47 F. 3d at 1408 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). However, '[t]he face of the plaintiff's pleading will not control if made in bad faith.' Id. at 1410; see Pendleton v. Parke-Davis, 2000 WL

1808500 (E.D. La. 2000); see also Shaffer v. Palm Harbor Homes, Inc., 328 F. Supp. 2d 633, 635 (N.D. Miss. 2004); Hood v. Gulf States Pipeline Corp., 2006 WL 548625 (W.D. La. 2006).

XIV.

In Grant, the Fifth Circuit stated:

> To accommodate the situation when the removal sought is from a Louisiana court and subject matter jurisdiction is grounded in diversity of citizenship, we have modified the usual rule for determining whether the amount in controversy is present. In such Louisiana situations, we permit the party seeking to maintain federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."

(Internal citations omitted.) (Emphasis in original.)

XV.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000." Grant, 309 F. 3d at 869, quoting De Aguilar, 47 F. 3d at 1412; see also Hood v. Gulf States Pipeline Corp., 2006 WL 548625, (W.D. La. 2006).

XVI.

Defendant Progressive was served with the Petition for Damages in this matter on November 30, 2021. Progressive received the aforementioned medical records and bills on June 29, 2022. Therefore, this Notice of Removal is timely pursuant to 28 U. S. C. § 1446(b).

XVII.

While defendant admits no liability nor any element of damages, under the rules of DeAguilar and Grant, Progressive has met its burden of showing by a preponderance of evidence

that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS.

XVIII.

Concurrent with the filing of this Notice of Removal, written notice is being given to all adverse parties and a copy of this Notice of Removal is being filed with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

WHEREFORE, defendant Progressive Specialty Insurance Company, hereby gives notice that the proceeding bearing number C710-796 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, has been removed to the docket of this Court for trial and determination as provided by law. Removing defendant prays that this Court enter such order and issue such process as may be proper to bring before it a copy of all records and proceedings in the State Court case, and there upon proceed with the civil action as if it had originally commenced in this Court.

Respectfully submitted;

S/Patrick D. DeRouen
**PATRICK D. DeROUEN (#20535)**
**DORIS A. ROYCE (#33698)**
**CHRISTOPHER J. SEEMANN (#36939)**
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
droyce@derouenlaw.com
cseemann@derouenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, a copy of the above and foregoing was served on all counsel of record by the electronic filing system/ECF.

**S/Patrick D. DeRouen**
**PATRICK D. DeROUEN, ESQUIRE**
**DORIS A. ROYCE, ESQUIRE**
**CHRISTOPHER J. SEEMANN, ESQUIRE**
