EAST BATON ROUGE PARISH  C-710796
Filed Aug 18, 2021 11:02 AM  22
Deputy Clerk of Court

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Benjamin J. Olivier                 **vs.**  Progressive Specialty Ins. Co., et al

**Court:** 19th JDC                    **Docket Number:** _____

**Parish of Filing:** E. Baton Rouge   **Filing Date:** 08/17/2021

**Name of Lead Petitioner's Attorney:** Byron M. Hutchinson

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 1       **Number of named defendants:** 3

**Type of Lawsuit:  Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- [x] Auto: Personal Injury
- [ ] Auto: Wrongful Death
- [ ] Asbestos: Property Damage
- [ ] Product Liability
- [ ] Intentional Bodily Injury
- [ ] Intentional Wrongful Death
- [ ] Business Tort
- [ ] Defamation
- [ ] Environmental Tort
- [ ] Intellectual Property
- [ ] Legal Malpractice
- [ ] Other Professional Malpractice
- [ ] Maritime
- [ ] Wrongful Death
- [ ] General Negligence
- [ ] Auto: Property Damage
- [ ] Auto: Uninsured Motorist
- [ ] Asbestos: Personal Injury/Death
- [ ] Premise Liability
- [ ] Intentional Property Damage
- [ ] Unfair Business Practice
- [ ] Fraud
- [ ] Professional Negligence
- [ ] Medical Malpractice
- [ ] Toxic Tort
- [ ] Other Tort (describe below)
- [ ] Redhibition
- [ ] Class action (nature of case)

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
High speed rear end collision involving 3 vehicles.

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name  Byron M. Hutchinson    Signature _____

Address  827 St. Louis St., Baton Rouge, LA 70802

Phone number: 225-387-2323    E-mail address: byron@calahanlaw.com

EAST BATON ROUGE PARISH
Filed Aug 18, 2021 11:02 AM
Deputy Clerk of Court

C-710796
22

| | |
|---|---|
| BENJAMIN J. OLIVIER | DOCKET NO.: _____ DIV.: ____ |
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY; CMARIE TRANSPORTS, LLC; and JESSE R. CHATMAN | PARISH OF EAST BATON ROUGE STATE OF LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned Counsel, comes plaintiff, **BENJAMIN J. OLIVIER**, a person of full age and residing in Terrebonne Parish, State of Louisiana, who, with respect aver as follows:

1.

Made defendants herein are:

1. **PROGRESSIVE SPECIALTY INSURANCE COMPANY**, a foreign insurance company unauthorized to do and doing business in the State of Louisiana;

2. **CMARIE TRANSPORTS, LLC**, a foreign corporation unauthorized to do and doing business in the State of Louisiana; and

3. **JESSE R. CHATMAN**, a person of full age residing in Mobile County, Alabama;

for the following reasons, to-wit:

2.

Venue is proper pursuant to Louisiana Code of Civil Procedure Article 42(7).

3.

Upon information and belief and at all times pertinent to this suit, **JESSE R. CHATMAN** and/or a permissive driver, was an employee of **CMARIE TRANSPORTS, LLC** in the course and scope of his employment and/or on a mission for **CMARIE TRANSPORTS, LLC.** As such, **CMARIE TRANSPORTS, LLC** is vicariously liable for the damages occasioned by the conduct of **JESSE R. CHATMAN** and/or a permissive driver under the doctrine of Respondeat Superior.

4.

On or about November 11, 2020, plaintiff, **BENJAMIN J. OLIVIER**, was the owner and operator of a 1998 Dodge Dakota, lawfully stopped for a red light in the northbound left turn lane of LA 56 in Terrebonne Parish, Louisiana.

5.

At approximately the same time and place, defendant, **JESSE R. CHATMAN** and/or a

permissive driver, was the operator of a 2002 International 4000 box truck, owned by defendant, **CMARIE TRANSPORTS, LLC,** traveling northbound on LA 56 when suddenly and without warning he struck the rear of Plaintiff's vehicle causing the front of Plaintiff's vehicle to strike the rear of a 2017 Mercedes E30, owned and operated by Angie A. Landry, thereby causing the injuries, damages, and losses complained of herein.

6.

This accident was caused solely by the fault and negligence of defendant, **JESSE R. CHATMAN.** Such fault and negligence includes, but is not necessarily limited to, the following:

a.    Failing to maintain a proper lookout;

b.    Failure to maintain reasonable and proper control of his vehicle upon a public road;

c.    Failing to see and do what reasonably should have been done to avoid the collision;

d.    Failing to stop;

e.    Any and all other acts and/or omissions that will be proven at the trial of this matter.

7.

As a result of this accident and due to the fault and negligence of defendant, **JESSE R. CHATMAN,** paintiff, **BENJAMIN J. OLIVIER,** has sustained personal injuries and property damage.

8.

As a result of the fault and negligence of defendant, **JESSE R. CHATMAN,** plaintiff, **BENJAMIN J. OLIVIER,** is entitled to recover the following past, present, and future damages for the injuries sustained in the aforementioned accident:

a.    Physical and mental pain, suffering and anguish;

b.    Physical disability and/or impairment of functions and activities;

c.    Loss of income and/or loss of earning capacity;

d.    Loss of enjoyment of life; and

e.    Property damage.

9.

As a result of these injuries, **JESSE R. CHATMAN** has incurred and will in the future incur expenses which she is entitled to recover from defendants, including medical expenses,

Page -2-

drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel and other related and necessary expenses.

10.

Plaintiffs allege on information and belief that at the time of this accident, there was in full force and effect a policy of liability insurance (policy number 17-81851070) issued by defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY,** insuring the 2002 International 4000 box truck owned by defendant, **CMARIE TRANSPORTS, LLC,** and operated by defendant, **JESSE R. CHATMAN.**

**WHEREFORE,** plaintiff, **BENJAMIN J. OLIVIER,** prays that defendants be served with this petition, and after being duly cited to appear and answer same, and the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of plaintiff, **BENJAMIN J. OLIVIER,** and against defendants, **PROGRESSIVE SPECIALTY INSURANCE COMPANY, CMARIE TRANSPORTS, LLC, and JESSE R. CHATMAN,** jointly and in solido, for all general and equitable relief, in such amounts as are reasonable under the premises and fixed and awarded at trial, together with legal interest thereon from the date of judicial demand until paid, and for all costs of court, including expert witness fees.

> Respectfully Submitted:
> Law Offices of Spencer H. Calahan, L.L.C.
>
> By _____
> Byron M. Hutchinson, Bar No. 33195
> Spencer H. Calahan, Bar No. 27192
> 827 St. Louis Street
> Baton Rouge, Louisiana 70802
> Telephone  225-387-2323
> Facsimile  225-387-2324

**PLEASE PROVIDE CITATIONS AND CERTIFIED COPIES OF THIS PETITION FOR DAMAGES SO THAT SERVICE CAN BE MADE UPON THE FOLLOWING DEFENDANTS VIA THE LOUISIANA LONG ARM STATUTE (13:3201. et seq.):**

**PROGRESSIVE SPECIALTY INSURANCE COMPANY**
Through its registered agent for service
CT Corporation System
2 North Jackson St., Ste. 605
Montgomery, AL 36104

**CMARIE TRANSPORTS, LLC**
Through its registered agent for service
Cornelius Baker
9074 Bryant's Landing Rd.
Mobile, AL 36579

***SERVICE INFORMATION CONTINUED ON NEXT PAGE***

From:    07/07/2022 16:21    #329 P.006/030

**JESSE R. CHATMAN**
9945 C D Glaze Dr.
Theodore, AL 36582

EAST BATON ROUGE PARISH
Filed Aug 18, 2021 11:02 AM
Deputy Clerk of Court

C-710796
22

BENJAMIN J. OLIVIER

DOCKET NO.: _____ DIV.: ____

VERSUS

19TH JUDICIAL DISTRICT COURT

PROGRESSIVE SPECIALTY INSURANCE
COMPANY; CMARIE TRANSPORTS, LLC;
and JESSE R. CHATMAN

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## REQUEST FOR NOTICE

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to send me, as counsel of record, written notice by mail, at least ten (10) days in advance of any date fixed for any trial or hearing on this case, whether on exceptions, rules, or on the merits thereof, or any assignment of fixing said case.

Also, in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby requested to send me immediate notice of any order or judgment made or rendered in this case, upon the entry of such order or judgment.

This request for Notice is made with full reservation of all rights, and I ask that you file this Request in the record with my pleadings as formal notice of same.

Respectfully Submitted:

Law Offices of Spencer H. Calahan, L.L.C.

By: _____
Byron M. Hutchinson, Bar No. 33195
Spencer H. Calahan, Bar No. 27192
827 St. Louis Street
Baton Rouge, Louisiana 70802
Telephone 225-387-2323
Facsimile 225-387-2324

**PLEASE SERVE WITH PETITION**

From:

EAST BATON ROUGE PARISH    C-710796
Filed Aug 18, 2021 11:02 AM    22
Deputy Clerk of Court

| | |
|---|---|
| **BENJAMIN J. OLIVIER** | **DOCKET NO.: _____ DIV.: ____** |
| **VERSUS** | **19TH JUDICIAL DISTRICT COURT** |
| **PROGRESSIVE SPECIALTY INSURANCE COMPANY; CMARIE TRANSPORTS, LLC; and JESSE R. CHATMAN** | **PARISH OF EAST BATON ROUGE** |
| | **STATE OF LOUISIANA** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, **BENJAMIN J. OLIVIER**, who propounds the following Interrogatories and Requests for Production upon defendants, **PROGRESSIVE SPECIALTY INSURANCE COMPANY, CMARIE TRANSPORTS, LLC, and JESSE R. CHATMAN**, to be answered in writing, under oath, and within the applicable delays provided by the Louisiana Code of Civil Procedure.

**INTERROGATORY NO. 1**

Please identify the person(s) responding to each and every one of the following Interrogatories, along with his/her address, relationship to defendant, if any, telephone number, place of employment, work address and phone number.

**INTERROGATORY NO. 2**

Please identify any/all documents which the person(s) responding to each and every one of the following Interrogatories has referred to or relied upon in responding to these Interrogatories, along with the author, recipient, length in pages, date, present custodian, and a brief synopsis of the contents of each and every such document.

**REQUEST FOR PRODUCTION NO. 1**

Please produce copies of each and every document described in the foregoing Interrogatory, or which relates in any way to any issue in this case, or which you might rely upon or offer into evidence at the trial of this matter.

**INTERROGATORY NO. 3**

Please identify any/all experts whom you have consulted or might call to testify at the trial of this matter, and state whether you have requested or obtained any reports from such experts, and the date and custodian of each and every such report.

**REQUEST FOR PRODUCTION NO. 2**

Please provide a copy of any correspondence to or from any experts consulted or retained in this matter, and provide a copy of any/all reports or other written documentation prepared by or

received from such experts.

**INTERROGATORY NO. 4**

Please state whether, at the time of the accident at issue in this proceeding, there existed a

policy of insurance issued by/to defendant and/or which might provide coverage for the damages

claimed by plaintiffs, and, if so, please state the following:

    a.    Policy number, effective date(s) and expiration date(s), types and limits of coverage, persons insured under such policies and any/all other pertinent information regarding any such policy(ies) of insurance;

    b.    Whether you contend that any limitations or exclusions of such policy(ies) in any way limit the coverage afforded to defendant for the damages alleged in this proceeding;

    c.    Whether there exist any riders, endorsements, excluded drivers, or other modifications or amendments in your responses hereto;

    d.    Any/all persons insured under such policies, and state specifically whether defendant is a named insured under such policy(ies).

**REQUEST FOR PRODUCTION NO. 3**

Please provide copies of any/all policies described or referred to in connection with your

response to the foregoing Interrogatory, and all application(s), declarations pages, amendments,

endorsements, or modifications or addenda thereto.

**INTERROGATORY NO. 5**

If any statements, recordings, or video tape have been taken from/of any witnesses or persons

concerning the facts of this accident or the nature, character and extent of the damages referenced

in the Petition, please state the date and place each statement, recording, or video was taken, the

name and address of the party having custody of each statement, recording, or video and subject,

person(s) taking and any/all person(s) present when each statement, recording, or video was taken.

**REQUEST FOR PRODUCTION NO. 4**

Please provide copies of any/all statements, recording(s), or videotape(s) described or

referred to in connection with your response to the foregoing Interrogatory.

**INTERROGATORY NO. 6**

Please state the name, address, and telephone number of the titled owner of the vehicle

involved in this accident.

**REQUEST FOR PRODUCTION NO. 5**

Please produce copies of any and all estimates, appraisals, diagrams, invoices, photographs,

or other documents or things of any nature or description evidencing, documenting, or showing the

damages to the vehicles in this accident, or in any way responsive to the foregoing Interrogatory.

**INTERROGATORY NO. 7**

Please state whether or not you consumed any alcohol and or drugs in the 24 hours preceding the accident that is the subject matter of this suit. If your answer is in the affirmative, please specify, in detail, the kind and the amount of alcohol and/or drugs you consumed during the 24-hour period preceding the accident.

**INTERROGATORY NO. 8**

Please state whether or not you have ever been charged and/or convicted of any crimes in the last 15 years. If your answer is in the affirmative, please list the crimes in which you were charged or convicted, specify the date, jurisdiction, and disposition of each and every instance.

**INTERROGATORY NO. 9**

If you were the driver of the vehicle involved in the accident, but did not own the vehicle you were driving, please state whether or not you own a vehicle. If so, please state the name of the automobile insurance company and the policy number.

**INTERROGATORY NO. 10**

In your own words, please describe how the accident happened.

**INTERROGATORY NO. 11**

Please state whether or not you have a social media profile, for example, Facebook, MySpace, Twitter, Instagram, Youtube, Wikis, Linkedin, Blackplanet, Mylife, Foursquare, etc., and if so, whether it contains a privacy setting.

**INTERROGATORY NO. 12**

If you have a social media profile, please provide the name the account is registered under, the email address you used to register the account, the password, the exact or approximate date on which you registered the account and the exact or approximate last date on which you accessed the account.

**REQUEST FOR PRODUCTION NO. 6**

Please produce a copy of ALL medical records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 7**

Please produce a copy of ALL depositions, of Plaintiffs, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 8**

Please produce a copy of ALL criminal records, of Plaintiffs, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 9**

Please produce a copy of ALL employment records, of Plaintiffs, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 10**

Please produce a copy of ALL social security records, of Plaintiffs, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 11**

Please produce a copy of ALL unemployment benefit records, of Plaintiffs, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 12**

Please produce a copy of ALL military records, of Plaintiffs, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 13**

Please produce a copy of ALL recorded statements, of Plaintiffs, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 14**

Please produce a copy of ALL trial transcripts, of Plaintiffs, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 15**

Please produce a copy of ALL lawsuit records, of Plaintiffs, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 16**

Please produce a copy of ALL insurance company records, of Plaintiffs, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 17**

Please produce a copy of ALL photographs, of Plaintiffs, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 18**

Please produce a copy of any documents supplied by the Plaintiffs to your insurance adjuster prior to representation by undersigned counsel.

**REQUEST FOR PRODUCTION NO. 19**

Please produce all automobile insurance policies in which you are named as an insured.

**REQUEST FOR PRODUCTION NO. 20**

Please identify and produce any and all liability and/or indemnity policies of insurance, including but not limited to excess or umbrella policies, issued by/to defendant and/or which might provide coverage for damages claimed by plaintiff.

Respectfully Submitted:
**Law Offices of Spencer H. Calahan, L.L.C.**

By: _____

Byron M. Hutchinson, Bar No. 33195
Spencer H. Calahan, Bar No. 27192
837 St. Louis Street
Baton Rouge, Louisiana 70802
Telephone 225-387-2323
Facsimile 225-387-2324

**PLEASE SERVE WITH PETITION**

EAST BATON ROUGE PARISH
Filed Aug 18, 2021 11:02 AM
Deputy Clerk of Court

C-710796
22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE
COMPANY; CMARIE TRANSPORTS, LLC;
and JESSE R. CHATMAN

DOCKET NO.: _____ DIV.: ____

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## REQUEST FOR ADMISSIONS

NOW INTO COURT, through undersigned counsel, comes plaintiff, **BENJAMIN J. OLIVIER,** who propounds the following Request for Admissions to defendants, **PROGRESSIVE SPECIALTY INSURANCE COMPANY, CMARIE TRANSPORTS, LLC, and JESSE R. CHATMAN,** as follows:

## REQUEST FOR ADMISSION NO. 1

Admit or deny that JESSE R. CHATMAN was the driver of a 2002 International 4000 box truck or similar vehicle, and was involved in an accident on November 11, 2020, with plaintiff, BENJAMIN J. OLIVIER.

## REQUEST FOR ADMISSION NO. 2

Admit or deny that JESSE R. CHATMAN was using a cellular and/or electronic device immediately before and/or at the time of the accident.

## REQUEST FOR ADMISSION NO. 3

Admit or deny that JESSE R. CHATMAN was employed by CMARIE TRANSPORT, LLC at the time of the accident.

## REQUEST FOR ADMISSION NO. 4

Admit or deny that JESSE R. CHATAMN was working in the course and scope of his employment with CMARIE TRANSPORT, LLC.

Respectfully submitted,
**Law Offices of Spencer H. Calahan, L.L.C.**

By: _____
Byron M. Hutchinson, Bar No. 33195
Spencer H. Calahan, Bar No. 27192
827 St. Louis Street
Baton Rouge, Louisiana 70802
Telephone 225-387-2323
Facsimile 225-387-2324

**PLEASE SERVE WITH PETITION**

EAST BATON ROUGE PARISH
Filed Jan 14, 2022 3:02 PM
Deputy Clerk of Court

C-710796
22

BENJAMIN J OLIVIER
(Plaintiff)

VERSUS

PROGRESSIVE SPECIALTY
INSURANCE COMPANY, ET AL
(Defendant)

DOCKET NO.: 710796   DIV.: 22

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## AFFIDAVIT FOR LONG ARM SERVICE

BEFORE ME, the undersigned authority, personally came and appeared:

VICTORIA B. HONEYCUTT

who, after being duly sworn, did depose and declare that she sent a letter via certified mail, return

receipt requested, to defendant, JESSE R CHATMAN, on November 22, 2021. Enclosed with the

letter were copies of the Citation and Petition for Damages for the above entitled and numbered

proceeding; and that she received the Domestic Return Receipt specific to that mailing on January

7, 2022, as "unclaimed". A copy of same has been attached hereto as Exhibit "A".

VICTORIA B. HONEYCUTT

SWORN TO AND SUBSCRIBED before me, this 14 day of January, 2022.

Notary Public #9106

- 1 -

EAST BATON ROUGE PARISH
Filed Jan 14, 2022 3:02 PM
Deputy Clerk of Court

C-710796
22

BENJAMIN J OLIVIER
(Plaintiff)

VERSUS

PROGRESSIVE SPECIALTY
INSURANCE COMPNAY, ET AL
(Defendant)

DOCKET NO.: 710796     DIV.: 22

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**EXHIBIT "A"**



Law Offices of
SPENCER H. CALAHAN, L.L.C.
827 Saint Louis Street
Baton Rouge, LA 70802



7019 2970 0000 2673 4988

$7.36

NOV 2 2021

Jesse R. Chatman
9945 C D Glaze Dr.
Theodore, A

NIXIE        322    DE 1         0012/31/21
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
BC: 70862645727     *1087-05143-31-38

From:

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jesse R. Chatman
9945 CD Glaze Dr.
Theodore, AL 36582

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 5984 0062 7815 09

2. Article Number (Transfer from service label)

7017 2470 0000 2879 5988

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

From:    07/07/2022 15:07    #923 P.018/030

# CITATION
### (Long Arm LSA R.S. 13:3201 et seq.)

**BENJAMIN J OLIVIER**
(Plaintiff)

**VS**

**PROGRESSIVE SPECIALTY INSURANCE COMPANY, ET AL**
(Defendant)

**NUMBER C-710796 22**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

### ** VIA LOUISIANA LONG ARM STATUTE LSA R.S. 13:3201 ET SEQ **

**TO:    JESSE R CHATMAN**

GREETINGS:

YOU HAVE BEEN SUED.

Attached to this citation is a certified copy of the petition.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks in accordance with LSA R.S. 13:3201 et seq. OR, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish, on **AUGUST 18, 2021.**

*Megan Gullett*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: HUTCHINSON, BYRON M**
**(225) 387-2324**

*Also attached are the following documents:*
**PETITION, REQUEST, INTERROGATORIES**

CITATION-LONG ARM-2006

EAST BATON ROUGE PARISH
Filed Aug 18, 2021 11:02 AM
Deputy Clerk of Court

C-710796
22

BENJAMIN J. OLIVIER

**VERSUS**

PROGRESSIVE SPECIALTY INSURANCE
COMPANY; CMARIE TRANSPORTS, LLC;
and JESSE R. CHATMAN

DOCKET NO.: _____ DIV.: ____

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned Counsel, comes plaintiff, **BENJAMIN J. OLIVIER**, a person of full age and residing in Terrebonne Parish, State of Louisiana, who, with respect aver as follows:

1.

Made defendants herein are:

1.      **PROGRESSIVE SPECIALTY INSURANCE COMPANY**, a foreign insurance company unauthorized to do and doing business in the State of Louisiana;

2.      **CMARIE TRANSPORTS, LLC**, a foreign corporation unauthorized to do and doing business in the State of Louisiana; and

3.      **JESSE R. CHATMAN**, a person of full age residing in Mobile County, Alabama;

for the following reasons, to-wit:

2.

Venue is proper pursuant to Louisiana Code of Civil Procedure Article 42(7).

3.

Upon information and belief and at all times pertinent to this suit, **JESSE R. CHATMAN** and/or a permissive driver, was an employee of **CMARIE TRANSPORTS, LLC** in the course and scope of his employment and/or on a mission for **CMARIE TRANSPORTS, LLC**. As such, **CMARIE TRANSPORTS, LLC** is vicariously liable for the damages occasioned by the conduct of **JESSE R. CHATMAN** and/or a permissive driver under the doctrine of Respondeat Superior.

4.

On or about November 11, 2020, plaintiff, **BENJAMIN J. OLIVIER**, was the owner and operator of a 1998 Dodge Dakota, lawfully stopped for a red light in the northbound left turn lane of LA 56 in Terrebonne Parish, Louisiana.

5.

At approximately the same time and place, defendant, **JESSE R. CHATMAN** and/or a

Page -1-



Certified True and
Correct Copy
CertID: 2021081800886

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 1:32 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:133, 133.1 and/or RPC Rule 3.3(a)(3).

permissive driver, was the operator of a 2002 International 4000 box truck, owned by defendant, **CMARIE TRANSPORTS, LLC,** traveling northbound on LA 56 when suddenly and without warning he struck the rear of Plaintiff's vehicle causing the front of Plaintiff's vehicle to strike the rear of a 2017 Mercedes E30, owned and operated by Angie A. Landry, thereby causing the injuries, damages, and losses complained of herein.

6.

This accident was caused solely by the fault and negligence of defendant, **JESSE R. CHATMAN.** Such fault and negligence includes, but is not necessarily limited to, the following:

a.    Failing to maintain a proper lookout;

b.    Failure to maintain reasonable and proper control of his vehicle upon a public road;

c.    Failing to see and do what reasonably should have been done to avoid the collision;

d.    Failing to stop;

e.    Any and all other acts and/or omissions that will be proven at the trial of this matter.

7.

As a result of this accident and due to the fault and negligence of defendant, **JESSE R. CHATMAN,** plaintiff, **BENJAMIN J. OLIVIER,** has sustained personal injuries and property damage.

8.

As a result of the fault and negligence of defendant, **JESSE R. CHATMAN,** plaintiff, **BENJAMIN J. OLIVIER,** is entitled to recover the following past, present, and future damages for the injuries sustained in the aforementioned accident:

a.    Physical and mental pain, suffering and anguish;

b.    Physical disability and/or impairment of functions and activities;

c.    Loss of income and/or loss of earning capacity;

d.    Loss of enjoyment of life; and

e.    Property damage.

9.

As a result of these injuries, **JESSE R. CHATMAN** has incurred and will in the future incur expenses which she is entitled to recover from defendants, including medical expenses,

Page -2-



Certified True and
Correct Copy
CertID: 2021081800886

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 1:32 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

drug/prescription medication, rehabilitation therapy, diagnostic procedures, travel and other related and necessary expenses.

10.

Plaintiffs allege on information and belief that at the time of this accident, there was in full force and effect a policy of liability insurance (policy number 17-81851070) issued by defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY**, insuring the 2002 International 4000 box truck owned by defendant, **CMARIE TRANSPORTS, LLC**, and operated by defendant, **JESSE R. CHATMAN.**

**WHEREFORE**, plaintiff, BENJAMIN J. OLIVIER, prays that defendants be served with this petition, and after being duly cited to appear and answer same, and the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of plaintiff, **BENJAMIN J. OLIVIER,** and against defendants, **PROGRESSIVE SPECIALTY INSURANCE COMPANY, CMARIE TRANSPORTS, LLC, and JESSE R. CHATMAN,** jointly and in solido, for all general and equitable relief, in such amounts as are reasonable under the premises and fixed and awarded at trial, together with legal interest thereon from the date of judicial demand until paid, and for all costs of court, including expert witness fees.

Respectfully Submitted:
Law Offices of Spencer H. Calahan, L.L.C.

By: _____
Byron M. Hutchinson, Bar No. 33195
Spencer H. Calahan, Bar No. 27192
827 St. Louis Street
Baton Rouge, Louisiana 70802
Telephone 225-387-2323
Facsimile 225-387-2324

**PLEASE PROVIDE CITATIONS AND CERTIFIED COPIES OF THIS PETITION FOR DAMAGES SO THAT SERVICE CAN BE MADE UPON THE FOLLOWING DEFENDANTS VIA THE LOUISIANA LONG ARM STATUTE (13:3201. et seq.):**

PROGRESSIVE SPECIALTY INSURANCE COMPANY
Through its registered agent for service
CT Corporation System
2 North Jackson St., Ste. 605
Montgomery, AL 36104

CMARIE TRANSPORTS, LLC
Through its registered agent for service
Cornelius Baker
9074 Bryant's Landing Rd.
Mobile, AL 36579

*SERVICE INFORMATION CONTINUED ON NEXT PAGE*

Page -3-

Certified True and
Correct Copy
CertID: 2021081800986

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 1:22 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**JESSE R. CHATMAN**
9945 C D Glaze Dr.
Theodore, AL 36582

Page -4-

Certified True and
Correct Copy
CertID: 2021081900886

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 1:32 PM

Alteration and subsequent re-filing of this certified copy may violate L.a. R.S. 14:132, 133 and/or CBC Rule 2.3/3.17%

EAST BATON ROUGE PARISH
Filed Aug 18, 2021 11:02 AM
Deputy Clerk of Court

C-710796
22

BENJAMIN J. OLIVIER

**VERSUS**

PROGRESSIVE SPECIALTY INSURANCE
COMPANY; CMARIE TRANSPORTS, LLC;
and JESSE R. CHATMAN

DOCKET NO.: _____ DIV.: _____

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## REQUEST FOR NOTICE

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil

Procedure, you are hereby requested to send me, as counsel of record, written notice by mail, at least

ten (10) days in advance of any date fixed for any trial or hearing on this case, whether on

exceptions, rules, or on the merits thereof, or any assignment of fixing said case.

Also, in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of

Civil Procedure, you are hereby requested to send me immediate notice of any order or judgment

made or rendered in this case, upon the entry of such order or judgment.

This request for Notice is made with full reservation of all rights, and I ask that you file this

Request in the record with my pleadings as formal notice of same.

Respectfully Submitted:

Law Offices of Spencer H. Calahan, L.L.C.

By: _____
Byron M. Hutchinson, Bar No. 33195
Spencer H. Calahan, Bar No. 27192
827 St. Louis Street
Baton Rouge, Louisiana 70802
Telephone 225-387-2323
Facsimile  225-387-2324

**PLEASE SERVE WITH PETITION**

Page -5-

Certified True and
Correct Copy
CertID: 20210818000867

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 1:32 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(b)(3).

EAST BATON ROUGE PARISH
Filed Aug 18, 2021 11:02 AM
Deputy Clerk of Court

C-710796
22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE
COMPANY; CMARIE TRANSPORTS, LLC;
and JESSE R. CHATMAN

DOCKET NO.: _____ DIV.: ____

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

NOW INTO COURT, through undersigned counsel, comes plaintiff, **BENJAMIN J. OLIVIER**, who propounds the following Interrogatories and Requests for Production upon defendants, **PROGRESSIVE SPECIALTY INSURANCE COMPANY, CMARIE TRANSPORTS, LLC, and JESSE R. CHATMAN**, to be answered in writing, under oath, and within the applicable delays provided by the Louisiana Code of Civil Procedure.

**INTERROGATORY NO. 1**

Please identify the person(s) responding to each and every one of the following Interrogatories, along with his/her address, relationship to defendant, if any, telephone number, place of employment, work address and phone number.

**INTERROGATORY NO. 2**

Please identify any/all documents which the person(s) responding to each and every one of the following Interrogatories has referred to or relied upon in responding to these Interrogatories, along with the author, recipient, length in pages, date, present custodian, and a brief synopsis of the contents of each and every such document.

**REQUEST FOR PRODUCTION NO. 1**

Please produce copies of each and every document described in the foregoing Interrogatory, or which relates in any way to any issue in this case, or which you might rely upon or offer into evidence at the trial of this matter.

**INTERROGATORY NO. 3**

Please identify any/all experts whom you have consulted or might call to testify at the trial of this matter, and state whether you have requested or obtained any reports from such experts, and the date and custodian of each and every such report.

**REQUEST FOR PRODUCTION NO. 2**

Please provide a copy of any correspondence to or from any experts consulted or retained in this matter, and provide a copy of any/all reports or other written documentation prepared by or

Page -6-



Certified True and
Correct Copy
CertID: 2021081800888

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 1:32 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

received from such experts.

**INTERROGATORY NO. 4**

Please state whether, at the time of the accident at issue in this proceeding, there existed a policy of insurance issued by/to defendant and/or which might provide coverage for the damages claimed by plaintiffs, and, if so, please state the following:

    a.    Policy number, effective date(s) and expiration date(s), types and limits of coverage, persons insured under such policies and any/all other pertinent information regarding any such policy(ies) of insurance;

    b.    Whether you contend that any limitations or exclusions of such policy(ies) in any way limit the coverage afforded to defendant for the damages alleged in this proceeding;

    c.    Whether there exist any riders, endorsements, excluded drivers, or other modifications or amendments in your responses hereto;

    d.    Any/all persons insured under such policies, and state specifically whether defendant is a named insured under such policy(ies).

**REQUEST FOR PRODUCTION NO. 3**

Please provide copies of any/all policies described or referred to in connection with your response to the foregoing Interrogatory, and all application(s), declarations pages, amendments, endorsements, or modifications or addenda thereto.

**INTERROGATORY NO. 5**

If any statements, recordings, or video tape have been taken from/of any witnesses or persons concerning the facts of this accident or the nature, character and extent of the damages referenced in the Petition, please state the date and place each statement, recording, or video was taken, the name and address of the party having custody of each statement, recording, or video and subject, person(s) taking and any/all person(s) present when each statement, recording, or video was taken.

**REQUEST FOR PRODUCTION NO. 4**

Please provide copies of any/all statements, recording(s), or videotape(s) described or referred to in connection with your response to the foregoing Interrogatory.

**INTERROGATORY NO. 6**

Please state the name, address, and telephone number of the titled owner of the vehicle involved in this accident.

**REQUEST FOR PRODUCTION NO. 5**

Please produce copies of any and all estimates, appraisals, diagrams, invoices, photographs, or other documents or things of any nature or description evidencing, documenting, or showing the

Page -7-



**Certified True and Correct Copy**
CertID: 2021061800868

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 1:32 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

damages to the vehicles in this accident, or in any way responsive to the foregoing Interrogatory.

**INTERROGATORY NO. 7**

Please state whether or not you consumed any alcohol and or drugs in the 24 hours preceding the accident that is the subject matter of this suit. If your answer is in the affirmative, please specify, in detail, the kind and the amount of alcohol and/or drugs you consumed during the 24-hour period preceding the accident.

**INTERROGATORY NO. 8**

Please state whether or not you have ever been charged and/or convicted of any crimes in the last 15 years. If your answer is in the affirmative, please list the crimes in which you were charged or convicted, specify the date, jurisdiction, and disposition of each and every instance.

**INTERROGATORY NO. 9**

If you were the driver of the vehicle involved in the accident, but did not own the vehicle you were driving, please state whether or not you own a vehicle. If so, please state the name of the automobile insurance company and the policy number.

**INTERROGATORY NO. 10**

In your own words, please describe how the accident happened.

**INTERROGATORY NO. 11**

Please state whether or not you have a social media profile, for example, Facebook, MySpace, Twitter, Instagram, Youtube, Wikis, Linkedin, Blackplanet, Mylife, Foursquare, etc., and if so, whether it contains a privacy setting.

**INTERROGATORY NO. 12**

If you have a social media profile, please provide the name the account is registered under, the email address you used to register the account, the password, the exact or approximate date on which you registered the account and the exact or approximate last date on which you accessed the account.

**REQUEST FOR PRODUCTION NO. 6**

Please produce a copy of ALL medical records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 7**

Please produce a copy of ALL depositions, of Plaintiffs, obtained by Defendant, from any source.

Page -8-



Certified True and
Correct Copy
CertID: 2021081800388

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 1:32 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

REQUEST FOR PRODUCTION NO. 8

Please produce a copy of ALL criminal records, of Plaintiffs, obtained by Defendant, from any source.

REQUEST FOR PRODUCTION NO. 9

Please produce a copy of ALL employment records, of Plaintiffs, obtained by Defendant, from any source.

REQUEST FOR PRODUCTION NO. 10

Please produce a copy of ALL social security records, of Plaintiffs, obtained by Defendant, from any source.

REQUEST FOR PRODUCTION NO. 11

Please produce a copy of ALL unemployment benefit records, of Plaintiffs, obtained by Defendant, from any source.

REQUEST FOR PRODUCTION NO. 12

Please produce a copy of ALL military records, of Plaintiffs, obtained by Defendant, from any source.

REQUEST FOR PRODUCTION NO. 13

Please produce a copy of ALL recorded statements, of Plaintiffs, obtained by Defendant, from any source.

REQUEST FOR PRODUCTION NO. 14

Please produce a copy of ALL trial transcripts, of Plaintiffs, obtained by Defendant, from any source.

REQUEST FOR PRODUCTION NO. 15

Please produce a copy of ALL lawsuit records, of Plaintiffs, obtained by Defendant, from any source.

REQUEST FOR PRODUCTION NO. 16

Please produce a copy of ALL insurance company records, of Plaintiffs, obtained by Defendant, from any source.

REQUEST FOR PRODUCTION NO. 17

Please produce a copy of ALL photographs, of Plaintiffs, obtained by Defendant, from any source.

Page -9-



Certified True and
Correct Copy
CertID: 20210811800688

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 1:32 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**REQUEST FOR PRODUCTION NO. 18**

Please produce a copy of any documents supplied by the Plaintiffs to your insurance adjuster prior to representation by undersigned counsel.

**REQUEST FOR PRODUCTION NO. 19**

Please produce all automobile insurance policies in which you are named as an insured.

**REQUEST FOR PRODUCTION NO. 20**

Please identify and produce any and all liability and/or indemnity policies of insurance, including but not limited to excess or umbrella policies, issued by/to defendant and/or which might provide coverage for damages claimed by plaintiff.

Respectfully Submitted:
Law Offices of Spencer H. Calahan, L.L.C.

By: _____
Byron M. Hutchinson, Bar No. 33195
Spencer H. Calahan, Bar No. 27192
827 St. Louis Street
Baton Rouge, Louisiana 70802
Telephone 225-387-2323
Facsimile 225-387-2324

**PLEASE SERVE WITH PETITION**

Page -10-

Certified True and
Correct Copy
CertID: 2021081800888

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 1:32 PM

EAST BATON ROUGE PARISH
Filed Aug 18, 2021 11:02 AM
Deputy Clerk of Court
C-710796
22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE
COMPANY; CMARIE TRANSPORTS, LLC;
and JESSE R. CHATMAN

DOCKET NO.: _____ DIV.: ____

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## REQUEST FOR ADMISSIONS

NOW INTO COURT, through undersigned counsel, comes plaintiff, **BENJAMIN J. OLIVIER**, who propounds the following Request for Admissions to defendants, **PROGRESSIVE SPECIALTY INSURANCE COMPANY, CMARIE TRANSPORTS, LLC, and JESSE R. CHATMAN**, as follows:

### REQUEST FOR ADMISSION NO. 1

Admit or deny that JESSE R. CHATMAN was the driver of a 2002 International 4000 box truck or similar vehicle, and was involved in an accident on November 11, 2020, with plaintiff, BENJAMIN J. OLIVIER.

### REQUEST FOR ADMISSION NO. 2

Admit or deny that JESSE R. CHATMAN was using a cellular and/or electronic device immediately before and/or at the time of the accident.

### REQUEST FOR ADMISSION NO. 3

Admit or deny that JESSE R. CHATMAN was employed by CMARIE TRANSPORT, LLC at the time of the accident.

### REQUEST FOR ADMISSION NO. 4

Admit or deny that JESSE R. CHATAMN was working in the course and scope of his employment with CMARIE TRANSPORT, LLC.

Respectfully submitted,
Law Offices of Spencer H. Calahan, L.L.C.

By: _____
Byron M. Hutchinson, Bar No. 33195
Spencer H. Calahan, Bar No. 27192
823 St. Louis Street
Baton Rouge, Louisiana 70802
Telephone 225-387-2323
Facsimile 225-387-2324

**PLEASE SERVE WITH PETITION**

Page -11-

Certified True and
Correct Copy
CertID: 2021081800989

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
8/18/2021 1:32 PM

Alteration and subsequent refiling of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

EAST BATON ROUGE PARISH
Filed Feb 04, 2022 11:23 AM
Deputy Clerk of Court

C-710796
22



# DeRouen
## —LAW FIRM—

January 31, 2022

Doug Welborn
East Baton Rouge Parish, Clerk of Court
Post Office Box 1991
Baton Rouge, LA 70821

RE:    BENJAMIN J. OLIVIER vs. PROGRESSIVE SPECIALTY INSURANCE
       COMPANY, ET AL.
       22, No. C-710796, Div.: 22
       OUR FILE: 464.0396

Dear Clerk:

Enclosed please find the original and one copy of an Answer, Request for Notice and Jury
Order, which we ask that you file into the record of the captioned case, favoring the undersigned
with a conformed copy in the enclosed, self-addressed envelope.

Enclosed is **Check No. 23102**, in the amount of **$280.00** to cover the cost.

Yours very truly,

PATRICK D. DeROUEN
CHRISTOPHER J. SEEMANN

PDD/jmw
Enclosures
        cc: Byron Hutchinson

650 Poydras Street, Suite 1913 — New Orleans, Louisiana 70130 — phone (504)274-3660 — fax: (504)274-3664 — www.derouenlaw.com

From:

EAST BATON ROUGE PARISH
Filed Feb 04, 2022 11:23 AM
Deputy Clerk of Court

C-710796
22

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: C-710796                                        DIVISION: 22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE COMPANY, ET AL.

FILED:_____        _____
                                                          DEPUTY CLERK

## ANSWER TO PETITION FOR DAMAGES AND REQUEST FOR JURY

NOW INTO COURT, through undersigned counsel, comes PROGRESSIVE SPECIALTY INSURANCE COMPANY, hereinafter "Progressive" or "Respondent", sought to be made defendant herein, who appear for the purposes of responding to the Plaintiff's, Benjamin J. Olivier, Petition for Damages and who respectfully avers:

1.

The allegations in Paragraph 1 of the Petition for Damages are denied except to admit that PROGRESSIVE SPECIALTY INSURANCE COMPANY is a foreign insurance company authorized to do and doing business in this parish and state. Except as admitted, the allegations in Paragraph 1 of the Petition for Damages is denied.

2.

The allegations in Paragraph 2 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

3.

The allegations in Paragraph 3 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

4.

The allegations in Paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

5.

The allegations in Paragraph 5 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

6.

The allegations in Paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

7.

The allegations in Paragraph 7 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

8.

The allegations in Paragraph 8 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

9.

The allegations in Paragraph 9 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

10.

The allegations in Paragraph 10 of the Petition for Damages are denied, except to admit that if PROGRESSIVE SPECIALTY INSURANCE COMPANY issued an insurance policy to for or on behalf of Devin Watson and/or Brown's Salvage, Inc., said policy speaks for itself and constitutes the best evidence of its terms, conditions, applications, exclusions and limitations thereof, the contents of which are pled herein as if copied herein in extensor, but without admitting any  liability and/or damages and without waiving any exceptions, defenses and/or objections. Except as admitted, the allegations in Paragraph 10 of the Petition for Damages are denied.

## AFFIRMATIVE DEFENSES

PROGRESSIVE SPECIALTY INSURANCE COMPANY, hereinafter Respondent and/or Defendant, asserts the following affirmative defenses and respectfully avers:

11.

Respondent denies any liability whatsoever to Plaintiff.

12.

Respondent avers that this accident was caused by the negligence of BENJAMIN OLIVIER, Angie Landry, and/or other third parties over whom Respondent had no control, which acts of negligence would serve as a bar to or in mitigation of any damages suffered, and which acts of negligence include, but are not limited to:

(a)    Failure to see what should have been seen;

(b)    Failing to keep a proper lookout;

(c)    Failing to take a last clear chance to avoid the accident in question;

(d)    Being inattentive to traffic conditions;

(e)    Failing to act as a reasonably prudent person would act under the same or similar circumstances;

(f)    Failure to yield;

(g)    Creating a sudden emergency;

(h)    Any and all other acts of negligence which may become apparent through the investigation and/or trial of this matter, all of which are specifically pled herein as if copied herein *in extenso;*

all of which acts of negligence were the sole and proximate cause of the accident in question and which were in violation of the Parish and State laws and ordinances which are pleaded herein as if copied herein *in extenso.*

13.

Respondent avers that Plaintiff failed to mitigate his damages.

14.

The damages awarded or to be awarded the Plaintiff should be reduced in proportion to the percentage fault of any other obligor or tort-feasor.

15.

Respondent avers that they are entitled to a credit for any and all amounts paid or to be paid to the Plaintiff by them or by any other party.

16.

Respondent avers that the accident, as alleged by the Petition for Damages, did not occur.

17.

Respondent avers that the Plaintiff does not have any cause or right of action against them.

18.

Respondent avers that the Plaintiff's claims are premature.

19.

Respondent avers the affirmative defense of want of amicable demand.

20.

Respondent avers the affirmative defense of want of No Pay/No Play.

21.

Respondent has not seen all of the medical records for the Plaintiff. Without waiving any rights herein, Respondent avers that the injuries alleged by the Plaintiff may have been pre-existing and not caused by this accident, or that this accident only aggravated pre-existing injuries and did not cause the condition complained of by Plaintiff herein. Respondent reserves its right to supplement and amend the contents of this affirmative defense at any time.

22.

Respondent has not seen all of the medical records for the Plaintiff. Without waiving any rights herein, Respondent avers that the Plaintiff's medical treatment, records and bills may contain billing irregularities, unnecessary treatments, unreasonable treatment and improvident medical care. Respondent reserves its right to supplement and amend the contents of this affirmative defense at any time.

23.

Respondent affirmatively avers that to the extent that Plaintiff has or may have received medical treatment at a charity hospital, or from any other healthcare provider (as defined in LSA-R.S. 40:1299 41(A)(1)) and/or has or may have received or was the beneficiary of payments of medical expenses under a policy or policies of health, accident, worker's compensation, medical, hospitalization insurance and/or was a Medicare or Medicaid beneficiary, Respondent herein hereby asserts the Exceptions of No Right and/or Cause of Action for, and affirmatively allege that Plaintiffs are not entitled to any recovery to the extent of the aforementioned claims as transferred in whole, or in part, to any medical provider, insurer, individual or entity.

24.

Any recovery of medical expense by Plaintiff, or alternatively, any recovery of medical expense by Plaintiff as against these defendants, should be limited to the reasonable, customary and actual expenses incurred and paid, whether by Plaintiff or by any health insurer on their behalf, after credit for all contractual adjustments, write-offs or other credits or offsets. Any medical billing for fictional and/or inflated amounts in excess of the reasonable, customary and actual charges for the services provided should be disregarded as without basis in reality, and any recovery by Plaintiff should be reduced to the reasonable, customary and actual expense.

25.

Any application of the legal doctrine known as the "collateral source rule" in contemporary circumstances, allowing recovery by Plaintiff of medical expenses which have been nominally billed in excess of the reasonable, customary and actual expense incurred, where the nominal medical billing has inflated to fictional proportions vastly exceeding actual expectations and reasonable customary billing, amounts to a denial constitutional guaranteed equal protection under the U.S. and Louisiana Constitutions, and is without legal justification, both generally and specifically with respect to these defendants.

26.

The Petition fails to state a claim upon which relief can be granted.

27.

And still further answering, Respondent aver that JESSE CHATMAN was not negligent and his actions did not cause this accident and/or plaintiff's injuries. JESSE CHATMAN was faced with a sudden emergency. The accident was unavoidable and beyond the scope of anything that he could have done to avoid the accident. JESSE CHATMAN used all reasonable caution to avoid the accident that forms the basis of this lawsuit.

28.

Without admitting that the Plaintiff's claims exceed the jurisdictional for a trial by jury, Respondent avers that if the Plaintiff's claims exceed the jurisdictional for a trial by jury, they are entitled to a jury trial and will post such bond that the Court may require.

29.

To the extent permitted by law, Respondent reserves its right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Respondent, PROGRESSIVE SPECIALTY INSURANCE COMPANY, prays that this Answer to Petition for Damages be deemed good and sufficient, for trial by jury if the facts so indicate, and, after due proceedings had, that there be Judgment rendered in its favor, dismissing the suit of Plaintiff, with prejudice, at Plaintiff's costs, and for all other general and equitable relief.

*SIGNATURE BLOCK AND CERTIFICATE OF SERVICE ON NEXT PAGE*

Respectfully submitted;

PATRICK D. DeROUEN (#20535)
CHRISTOPHER J. SEEMANN (#36939)
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
        cseemann@derouenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2022, a copy of the above and foregoing was served on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed.

PATRICK D. DeROUEN, ESQUIRE
CHRISTOPHER J. SEEMANN, ESQUIRE

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: C-710796                                                    DIVISION: 22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE COMPANY, ET AL.

FILED:_____          _____

                                                    DEPUTY CLERK

**JURY ORDER**

In accordance with C.C.P. Art. 1734.1 in lieu of Bond required in C.C.P. Art. 1734 the

mover for the Jury Trial shall deposit $2,000.00 (Cash) per day for the first day and $400.00

per day for each day the trial is estimated to last. The cash deposit shall be filed with the Clerk

of Court no later than thirty days prior to trial. The attorney for the mover shall present the

receipt for the deposit to the court prior to commencement of the trial. If the deposit is not

timely made, any other party shall have an additional ten days to make the require deposit.

Failure to post the cash deposit shall constitute a waiver of a trial by jury.

BATON ROUGE, LOUISIANA this _____ day of _____, 2022.

**See below Order.**

                                        _____

                                                    **JUDGE**

"Let there be a trial by jury in the above
referenced matter upon the applicant for
jury posting a bond for jury costs in
accordance with the local rules of court
and pursuant to orders of the court
to be made at the pre-trial conference
of this matter."

2/7/2022

_____          _____
**DATE**                **JUDGE, 19TH JUDICIAL DISTRICT COURT**

OUR FILE: 464.0396

From:

EAST BATON ROUGE PARISH
Filed Feb 04, 2022 11:23 AM
Deputy Clerk of Court

C-710796
22

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: C-710796                                    DIVISION: 22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE COMPANY, ET AL.

FILED:_____          _____
                                            DEPUTY CLERK

## REQUEST FOR NOTICE

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, PROGRESSIVE SPECIALTY INSURANCE COMPANY, hereby requests written notice of the date set for trial of the above numbered and entitled cause, or of the date set for trial of any pleadings or motions therein, at least ten (10) days before any trial. We also request notice of the signing of any final Judgment or the rendition of any interlocutory order or Judgment in said cause as provided by Article 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

PATRICK D. DeROUEN, ESQ. (#20535)
CHRISTOPHER J. SEEMANN, ESQ. (#36939)
DeROUEN LAW FIRM
650 Poydras Street, Suite 1913
New Orleans, Louisiana 70130
Telephone: (504) 274-3660

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2022 a copy of the foregoing pleading was served on counsel for all parties to this proceeding, by placing same in the United States mail, properly addressed and first class postage paid.

PATRICK D. DeROUEN, ESQ. #20535
CHRISTOPHER J. SEEMANN, ESQ. #36939

1

OUR FILE NO.: 464.0396

EAST BATON ROUGE PARISH
Filed Mar 21, 2022 11:30 AM
Deputy Clerk of Court

C-710796
22



# DeRouen
## —LAW FIRM—

March 17, 2022

Doug Welborn
East Baton Rouge Parish, Clerk of Court
Post Office Box 1991
Baton Rouge, LA 70821

    RE:    BENJAMIN J. OLIVIER vs. PROGRESSIVE SPECIALTY INSURANCE
            COMPANY, ET AL.
            22, No. C-710796, Div.: 22
            OUR FILE: 464.0396

Dear Clerk:

    Enclosed please find the original and one copy of an Answer, Request for Jury, and Request for Notice which we ask that you file into the record of the captioned case, favoring the undersigned with a conformed copy in the enclosed, self-addressed envelope.

    Enclosed is **Check No. 2 3523** in the amount of **$260.00** to cover the cost.

Yours very truly,

PATRICK D. DeROUEN
CHRISTOPHER J. SEEMANN

PDD/jmw
Enclosures
    cc: Byron Hutchinson

650 Poydras Street, Suite 1913 – New Orleans, Louisiana 70130 – phone (504)274-3660 – fax: (504)274-3664 – www.derouenlaw.com

From:

EAST BATON ROUGE PARISH
Filed Mar 21, 2022 11:30 AM
Deputy Clerk of Court

C-710796
22

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: C-710796                                    DIVISION: 22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE COMPANY, ET AL.

FILED:_____          _____
                                              DEPUTY CLERK

### ANSWER TO PETITION FOR DAMAGES AND REQUEST FOR JURY

NOW INTO COURT, through undersigned counsel, come CMARIE TRANSPORTS, LLC and JESSE R. CHATMAN, hereinafter "Respondents", sought to be made defendants herein, who appear for the purposes of responding to the Plaintiff's, Benjamin J. Olivier, Petition for Damages and who respectfully aver:

1.

The allegations in Paragraph 1 of the Petition for Damages are denied except to admit that CMARIE TRANSPORTS, LLC is a foreign limited liability company authorized to do and doing business in this parish and state, and that JESSE R. CHATMAN is a person domiciled in the County of Mobile, State of Alabama. Except as admitted, the allegations in Paragraph 1 of the Petition for Damages are denied.

2.

The allegations in Paragraph 2 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

3.

The allegations in Paragraph 3 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

4.

The allegations in Paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

5.

The allegations in Paragraph 5 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

OUR FILE: 464.0396                        1

6.

The allegations in Paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

7.

The allegations in Paragraph 7 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

8.

The allegations in Paragraph 8 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

9.

The allegations in Paragraph 9 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

10.

The allegations in Paragraph 10 of the Petition for Damages are denied, except to admit that if PROGRESSIVE SPECIALTY INSURANCE COMPANY issued an insurance policy to for or on behalf of Jesse R. Chatman or CMarie Transports, LLC, said policy speaks for itself and constitutes the best evidence of its terms, conditions, applications, exclusions and limitations thereof, the contents of which are pled herein as if copied herein in extensor, but without admitting any liability and/or damages and without waiving any exceptions, defenses and/or objections. Except as admitted, the allegations in Paragraph 10 of the Petition for Damages are denied.

## AFFIRMATIVE DEFENSES

CMarie Transports, LLC and Jesse R. Chatman, hereinafter Respondents and/or Defendants, assert the following affirmative defenses and respectfully avers:

11.

Respondents deny any liability whatsoever to Plaintiff.

12.

Respondent avers that this accident was caused by the negligence of BENJAMIN OLIVIER, Angie Landry, and/or other third parties over whom Respondents had no control, which acts of negligence would serve as a bar to or in mitigation of any damages suffered, and which acts of negligence include, but are not limited to:

OUR FILE: 464.0396                                    2

(a)    Failure to see what should have been seen;

(b)    Failing to keep a proper lookout;

(c)    Failing to take a last clear chance to avoid the accident in question;

(d)    Being inattentive to traffic conditions;

(e)    Failing to act as a reasonably prudent person would act under the same or similar circumstances;

(f)    Failure to yield;

(g)    Creating a sudden emergency;

(h)    Any and all other acts of negligence which may become apparent through the investigation and/or trial of this matter, all of which are specifically pled herein as if copied herein *in extenso;*

all of which acts of negligence were the sole and proximate cause of the accident in question and which were in violation of the Parish and State laws and ordinances which are pleaded herein as if copied herein *in extenso.*

13.

Respondents aver that Plaintiff failed to mitigate his damages.

14.

The damages awarded or to be awarded the Plaintiff should be reduced in proportion to the percentage fault of any other obligor or tort-feasor.

15.

Respondents aver that they are entitled to a credit for any and all amounts paid or to be paid to the Plaintiff by them or by any other party.

16.

Respondents aver that the accident, as alleged by the Petition for Damages, did not occur.

17.

Respondents aver that the Plaintiff does not have any cause or right of action against them.

18.

Respondents aver that the Plaintiff's claims are premature.

19.

Respondents aver the affirmative defense of want of amicable demand.

20.

Respondents aver the affirmative defense of want of No Pay/No Play.

21.

Respondents have not seen all of the medical records for the Plaintiff. Without waiving any rights herein, Respondents aver that the injuries alleged by the Plaintiff may have been pre-existing and not caused by this accident, or that this accident only aggravated pre-existing injuries and did not cause the condition complained of by Plaintiff herein. Respondents reserve its right to supplement and amend the contents of this affirmative defense at any time.

22.

Respondents have not seen all of the medical records for the Plaintiff. Without waiving any rights herein, Respondents aver that the Plaintiff's medical treatment, records and bills may contain billing irregularities, unnecessary treatments, unreasonable treatment and improvident medical care. Respondents reserve its right to supplement and amend the contents of this affirmative defense at any time.

23.

Respondents affirmatively aver that to the extent that Plaintiff has or may have received medical treatment at a charity hospital, or from any other healthcare provider (as defined in LSA-R.S. 40:1299 41(A)(I)) and/or has or may have received or was the beneficiary of payments of medical expenses under a policy or policies of health, accident, worker's compensation, medical, hospitalization insurance and/or was a Medicare or Medicaid beneficiary, Respondents herein hereby assert the Exceptions of No Right and/or Cause of Action for, and affirmatively allege that Plaintiffs are not entitled to any recovery to the extent of the aforementioned claims as transferred in whole, or in part, to any medical provider, insurer, individual or entity.

24.

Any recovery of medical expense by Plaintiff, or alternatively, any recovery of medical expense by Plaintiff as against these defendants, should be limited to the reasonable, customary and actual expenses incurred and paid, whether by Plaintiff or by any health insurer on their behalf, after credit for all contractual adjustments, write-offs or other credits or offsets. Any medical billing for fictional and/or inflated amounts in excess of the reasonable, customary and actual charges for the services provided should be disregarded as without basis in reality, and any recovery by Plaintiff should be reduced to the reasonable, customary and actual expense.

25.

Any application of the legal doctrine known as the "collateral source rule" in contemporary circumstances, allowing recovery by Plaintiff of medical expenses which have been nominally billed in excess of the reasonable, customary and actual expense incurred, where the nominal medical billing has inflated to fictional proportions vastly exceeding actual expectations and reasonable customary billing, amounts to a denial constitutional guaranteed equal protection under the U.S. and Louisiana Constitutions, and is without legal justification, both generally and specifically with respect to these defendants.

26.

The Petition fails to state a claim upon which relief can be granted.

27.

And still further answering, Respondents aver that JESSE CHATMAN was not negligent and his actions did not cause this accident and/or plaintiff's injuries. JESSE CHATMAN was faced with a sudden emergency. The accident was unavoidable and beyond the scope of anything that he could have done to avoid the accident. JESSE CHATMAN used all reasonable caution to avoid the accident that forms the basis of this lawsuit.

28.

Without admitting that the Plaintiff's claims exceed the jurisdictional for a trial by jury, Respondents aver that if the Plaintiff's claims exceed the jurisdictional for a trial by jury, they are entitled to a jury trial and will post such bond that the Court may require.

29.

To the extent permitted by law, Respondents reserve their right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Respondents CMARIE TRANSPORTS, LLC and JESSE R. CHATMAN, prays that this Answer to Petition for Damages be deemed good and sufficient, for trial by jury if the facts so indicate, and, after due proceedings had, that there be Judgment rendered in their favor, dismissing the suit of Plaintiff, with prejudice, at Plaintiff's costs, and for all other general and equitable relief.

*SIGNATURE BLOCK AND CERTIFICATE OF SERVICE ON NEXT PAGE*

Respectfully submitted;

PATRICK D. DeROUEN (#20535)
DORIS A. ROYCE (#33698)
CHRISTOPHER J. SEEMANN (#36939)
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
       droyce@derouenlaw.com
       cseemann@derouenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, a copy of the above and foregoing was served on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed.

PATRICK D. DeROUEN, ESQUIRE
DORIS A. ROYCE, ESQUIRE
CHRISTOPHER J. SEEMANN, ESQUIRE

EAST BATON ROUGE PARISH  C-710796
Filed Apr 05, 2022 10:03 AM  22
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: C-710796                                    DIVISION: 22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE COMPANY, ET AL.

FILED:_____        _____
                                    DEPUTY CLERK

## REQUEST FOR NOTICE

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, CMARIE
TRANSPORTS, LLC and JESSE R. CHATMAN, hereby requests written notice of the date set for
trial of the above numbered and entitled cause, or of the date set for trial of any pleadings or motions
therein, at least ten (10) days before any trial. We also request notice of the signing of any final
Judgment or the rendition of any interlocutory order or Judgment in said cause as provided by
Article 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

PATRICK D. DeROUEN (#20535)
DORIS A. ROYCE (#33698)
CHRISTOPHER J. SEEMANN (#36939)
DeROUEN LAW FIRM
650 Poydras Street, Suite 1913
New Orleans, Louisiana 70130
Telephone: (504) 274-3660

## CERTIFICATE OF SERVICE

I hereby certify that on March 2ⁿ, 2022 a copy of the foregoing pleading was served on
counsel for all parties to this proceeding, by placing same in the United States mail, properly
addressed and first class postage paid.

PATRICK D. DeROUEN (#20535)
DORIS A. ROYCE (#33698)
CHRISTOPHER J. SEEMANN (#36939)

OUR FILE NO.: 464.0396                    1                    MAR 25 2022

EAST BATON ROUGE PARISH  **C-710796**
Filed Jun 03, 2022 11:55 AM          **22**
Deputy Clerk of Court

BENJAMIN J OLIVIER                    DOCKET NO.: 710796    DIV.: 22
(Plaintiff)

                                     19TH JUDICIAL DISTRICT COURT
VERSUS
                                     PARISH OF EAST BATON ROUGE
PROGRESSIVE SPECIALTY
INSURANCE COMPANY, ET AL             STATE OF LOUISIANA
(Defendant)

---

## AFFIDAVIT FOR LONG ARM SERVICE

BEFORE ME, the undersigned authority, personally came and appeared:

VICTORIA B. HONEYCUTT

who, after being duly sworn, did depose and declare that she sent a letter via certified mail, return

receipt requested, to defendant, JESSE R CHATMAN, on May 24, 2022. Enclosed with the letter

were copies of the Citation and Petition for Damages for the above entitled and numbered

proceeding; and that she received the Domestic Return Receipt specific to that mailing on June 3,

2022. A copy of same has been attached hereto as Exhibit "A".

_____
VICTORIA B. HONEYCUTT

SWORN TO AND SUBSCRIBED before me, this 3rd day of June, 2022.

_____
Notary Public              #91106
                Bryson Hutchinson

-1-

EAST BATON ROUGE PARISH
C-710796
Filed Jun 03, 2022 11:55 AM
22
Deputy Clerk of Court

**BENJAMIN J OLIVIER**
**(Plaintiff)**

DOCKET NO.: 710796    DIV.: 22

**VERSUS**

**19TH JUDICIAL DISTRICT COURT**

**PROGRESSIVE SPECIALTY**
**INSURANCE COMPNAY, ET AL**
**(Defendant)**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

---

**EXHIBIT "A"**

**SENDER:** COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jesse R. Chatman
9945 CD Glaze Dr.
Theodore, AL 36582

9590 9402 7126 1251 9587 79

2. Article Number (Transfer from service label)
7021 0950 0000 0833 4252

PS Form 3811, July 2020 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                          ☐ Agent
                           ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
                                  5/27/22
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

-2-



# DOUG WELBORN
## CLERK OF COURT

### 19TH JUDICIAL DISTRICT
### PARISH OF EAST BATON ROUGE

Civil Suit Records
P. O. Box 1991
Baton Rouge, LA 70821-1991
Telephone: (225) 389-3972
Fax: (225)389-4612
www.ebrclerkofcourt.org

# CIVIL SUIT RECORDS
# FAX

To:  ATTN: JENGA                           Fax:  1-504/274-3664

From: E.B.R CLERK OF COURT                 Date:  7/7/2022

Re:  C 710796                              Pages:  48
                                                   (including cover)

☐  Please Reply                            ☐  No Reply Necessary

Cover Message:   ALL PLEADINGS FRO RECORD

A. PAYTON

From:

EAST BATON ROUGE PARISH
Filed Feb 04, 2022 11:23 AM
Deputy Clerk of Court

C-710796
22

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: C-710796                                    DIVISION: 22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE COMPANY, ET AL.

FILED:_____

_____
DEPUTY CLERK

**ANSWER TO PETITION FOR DAMAGES AND REQUEST FOR JURY**

NOW INTO COURT, through undersigned counsel, comes PROGRESSIVE SPECIALTY INSURANCE COMPANY, hereinafter "Progressive" or "Respondent", sought to be made defendant herein, who appear for the purposes of responding to the Plaintiff's, Benjamin J. Olivier, Petition for Damages and who respectfully avers:

1.

The allegations in Paragraph 1 of the Petition for Damages are denied except to admit that PROGRESSIVE SPECIALTY INSURANCE COMPANY is a foreign insurance company authorized to do and doing business in this parish and state. Except as admitted, the allegations in Paragraph 1 of the Petition for Damages is denied.

2.

The allegations in Paragraph 2 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

3.

The allegations in Paragraph 3 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

4.

The allegations in Paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

5.

The allegations in Paragraph 5 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

OUR FILE: 464.0396                    1

6.

The allegations in Paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

7.

The allegations in Paragraph 7 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

8.

The allegations in Paragraph 8 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

9.

The allegations in Paragraph 9 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

10.

The allegations in Paragraph 10 of the Petition for Damages are denied, except to admit that if PROGRESSIVE SPECIALTY INSURANCE COMPANY issued an insurance policy to for or on behalf of Devin Watson and/or Brown's Salvage, Inc., said policy speaks for itself and constitutes the best evidence of its terms, conditions, applications, exclusions and limitations thereof, the contents of which are pled herein as if copied herein in extensor, but without admitting any liability and/or damages and without waiving any exceptions, defenses and/or objections. Except as admitted, the allegations in Paragraph 10 of the Petition for Damages are denied.

## AFFIRMATIVE DEFENSES

PROGRESSIVE SPECIALTY INSURANCE COMPANY, hereinafter Respondent and/or Defendant, asserts the following affirmative defenses and respectfully avers:

11.

Respondent denies any liability whatsoever to Plaintiff.

12.

Respondent avers that this accident was caused by the negligence of BENJAMIN OLIVIER, Angie Landry, and/or other third parties over whom Respondent had no control, which acts of negligence would serve as a bar to or in mitigation of any damages suffered, and which acts of negligence include, but are not limited to:

OUR FILE: 464.0396                    2

(a)     Failure to see what should have been seen;

(b)     Failing to keep a proper lookout;

(c)     Failing to take a last clear chance to avoid the accident in question;

(d)     Being inattentive to traffic conditions;

(e)     Failing to act as a reasonably prudent person would act under the same or similar circumstances;

(f)     Failure to yield;

(g)     Creating a sudden emergency;

(h)     Any and all other acts of negligence which may become apparent through the investigation and/or trial of this matter, all of which are specifically pled herein as if copied herein *in extenso;*

all of which acts of negligence were the sole and proximate cause of the accident in question and which were in violation of the Parish and State laws and ordinances which are pleaded herein as if copied herein *in extenso.*

13.

Respondent avers that Plaintiff failed to mitigate his damages.

14.

The damages awarded or to be awarded the Plaintiff should be reduced in proportion to the percentage fault of any other obligor or tort-feasor.

15.

Respondent avers that they are entitled to a credit for any and all amounts paid or to be paid to the Plaintiff by them or by any other party.

16.

Respondent avers that the accident, as alleged by the Petition for Damages, did not occur.

17.

Respondent avers that the Plaintiff does not have any cause or right of action against them.

18.

Respondent avers that the Plaintiff's claims are premature.

19.

Respondent avers the affirmative defense of want of amicable demand.

20.

Respondent avers the affirmative defense of want of No Pay/No Play.

21.

Respondent has not seen all of the medical records for the Plaintiff. Without waiving any rights herein, Respondent avers that the injuries alleged by the Plaintiff may have been pre-existing and not caused by this accident, or that this accident only aggravated pre-existing injuries and did not cause the condition complained of by Plaintiff herein. Respondent reserves its right to supplement and amend the contents of this affirmative defense at any time.

22.

Respondent has not seen all of the medical records for the Plaintiff. Without waiving any rights herein, Respondent avers that the Plaintiff's medical treatment, records and bills may contain billing irregularities, unnecessary treatments, unreasonable treatment and improvident medical care. Respondent reserves its right to supplement and amend the contents of this affirmative defense at any time.

23.

Respondent affirmatively avers that to the extent that Plaintiff has or may have received medical treatment at a charity hospital, or from any other healthcare provider (as defined in LSA-R.S. 40:1299 41(A)(1)) and/or has or may have received or was the beneficiary of payments of medical expenses under a policy or policies of health, accident, worker's compensation, medical, hospitalization insurance and/or was a Medicare or Medicaid beneficiary, Respondent herein hereby asserts the Exceptions of No Right and/or Cause of Action for, and affirmatively allege that Plaintiffs are not entitled to any recovery to the extent of the aforementioned claims as transferred in whole, or in part, to any medical provider, insurer, individual or entity.

24.

Any recovery of medical expense by Plaintiff, or alternatively, any recovery of medical expense by Plaintiff as against these defendants, should be limited to the reasonable, customary and actual expenses incurred and paid, whether by Plaintiff or by any health insurer on their behalf, after credit for all contractual adjustments, write-offs or other credits or offsets. Any medical billing for fictional and/or inflated amounts in excess of the reasonable, customary and actual charges for the services provided should be disregarded as without basis in reality, and any recovery by Plaintiff should be reduced to the reasonable, customary and actual expense.

25.

Any application of the legal doctrine known as the "collateral source rule" in contemporary circumstances, allowing recovery by Plaintiff of medical expenses which have been nominally billed in excess of the reasonable, customary and actual expense incurred, where the nominal medical billing has inflated to fictional proportions vastly exceeding actual expectations and reasonable customary billing, amounts to a denial constitutional guaranteed equal protection under the U.S. and Louisiana Constitutions, and is without legal justification, both generally and specifically with respect to these defendants.

26.

The Petition fails to state a claim upon which relief can be granted.

27.

And still further answering, Respondent aver that JESSE CHATMAN was not negligent and his actions did not cause this accident and/or plaintiff's injuries. JESSE CHATMAN was faced with a sudden emergency. The accident was unavoidable and beyond the scope of anything that he could have done to avoid the accident. JESSE CHATMAN used all reasonable caution to avoid the accident that forms the basis of this lawsuit.

28.

Without admitting that the Plaintiff's claims exceed the jurisdictional for a trial by jury, Respondent avers that if the Plaintiff's claims exceed the jurisdictional for a trial by jury, they are entitled to a jury trial and will post such bond that the Court may require.

29.

To the extent permitted by law, Respondent reserves its right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Respondent, PROGRESSIVE SPECIALTY INSURANCE COMPANY, prays that this Answer to Petition for Damages be deemed good and sufficient, for trial by jury if the facts so indicate, and, after due proceedings had, that there be Judgment rendered in its favor, dismissing the suit of Plaintiff, with prejudice, at Plaintiff's costs, and for all other general and equitable relief.

*SIGNATURE BLOCK AND CERTIFICATE OF SERVICE ON NEXT PAGE*

Respectfully submitted;

PATRICK D. DeROUEN (#20535)
CHRISTOPHER J. SEEMANN (#36939)
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
        cseemann@derouenlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2022, a copy of the above and foregoing was served on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed.

PATRICK D. DeROUEN, ESQUIRE
CHRISTOPHER J. SEEMANN, ESQUIRE

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: C-710796                                      DIVISION: 22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE COMPANY, ET AL.

FILED:_____          _____
                                                  DEPUTY CLERK

### JURY ORDER

In accordance with C.C.P. Art. 1734.1 in lieu of Bond required in C.C.P. Art. 1734 the mover for the Jury Trial shall deposit $2,000.00 (Cash) per day for the first day and $400.00 per day for each day the trial is estimated to last. The cash deposit shall be filed with the Clerk of Court no later than thirty days prior to trial. The attorney for the mover shall present the receipt for the deposit to the court prior to commencement of the trial. If the deposit is not timely made, any other party shall have an additional ten days to make the require deposit. Failure to post the cash deposit shall constitute a waiver of a trial by jury.

BATON ROUGE, LOUISIANA this ____ day of _____, 2022.

**See below Order.**

_____
**JUDGE**

"Let there be a trial by jury in the above
referenced matter upon the applicant for
jury posting a bond for jury costs in
accordance with the local rules of court
and pursuant to orders of the court
to be made at the pre-trial conference
of this matter."

2/7/2022
_____          _____
**DATE**               **JUDGE, 19TH JUDICIAL DISTRICT COURT**

OUR FILE: 464.0396

From:                                                07/07/2022  16:19    #030  P.009/019

EAST BATON ROUGE PARISH    C-710796
Filed Feb 04, 2022 11:23 AM    22
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: C-710796                                    DIVISION: 22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE COMPANY, ET AL.

FILED:_____        _____
                                                    DEPUTY CLERK

## REQUEST FOR NOTICE

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, PROGRESSIVE

SPECIALTY INSURANCE COMPANY, hereby requests written notice of the date set for trial of

the above numbered and entitled cause, or of the date set for trial of any pleadings or motions

therein, at least ten (10) days before any trial. We also request notice of the signing of any final

Judgment or the rendition of any interlocutory order or Judgment in said cause as provided by

Article 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

PATRICK D. DeROUEN, ESQ. (#20535)
CHRISTOPHER J. SEEMANN, ESQ. (#36939)
DeROUEN LAW FIRM
650 Poydras Street, Suite 1913
New Orleans, Louisiana 70130
Telephone: (504) 274-3660

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2022 a copy of the foregoing pleading was served on

counsel for all parties to this proceeding, by placing same in the United States mail, properly

addressed and first class postage paid.

PATRICK D. DeROUEN, ESQ. #20535
CHRISTOPHER J. SEEMANN, ESQ. #36939

OUR FILE NO.: 464.0396                          1

From:

07/07/2022 16:19    #930 P.010/019

> EAST BATON ROUGE PARISH
> Filed Mar 21, 2022 11:30 AM
> Deputy Clerk of Court
>
> C-710796
> 22

# DeRouen
## —LAW FIRM—

March 17, 2022

Doug Welborn
East Baton Rouge Parish, Clerk of Court
Post Office Box 1991
Baton Rouge, LA 70821

RE:    BENJAMIN J. OLIVIER vs. PROGRESSIVE SPECIALTY INSURANCE
       COMPANY, ET AL.
       22, No. C-710796, Div.: 22
       OUR FILE: 464.0396

Dear Clerk:

Enclosed please find the original and one copy of an Answer, Request for Jury, and Request for Notice which we ask that you file into the record of the captioned case, favoring the undersigned with a conformed copy in the enclosed, self-addressed envelope.

Enclosed is **Check No. 2 3523** in the amount of **$260.00** to cover the cost.

Yours very truly,

PATRICK D. DeROUEN
CHRISTOPHER J. SEEMANN

PDD/jmw
Enclosures
       cc: Byron Hutchinson

650 Poydras Street, Suite 1913 – New Orleans, Louisiana 70130 – phone (504)274-3660 – fax: (504)274-3664 – www.derouenlaw.com

EAST BATON ROUGE PARISH
Filed Mar 21, 2022 11:30 AM
Deputy Clerk of Court

C-710796
22

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: C-710796                                    DIVISION: 22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE COMPANY, ET AL.

FILED:_____        _____
                                                          DEPUTY CLERK

## ANSWER TO PETITION FOR DAMAGES AND REQUEST FOR JURY

NOW INTO COURT, through undersigned counsel, come CMARIE TRANSPORTS, LLC and JESSE R. CHATMAN, hereinafter "Respondents", sought to be made defendants herein, who appear for the purposes of responding to the Plaintiff's, Benjamin J. Olivier, Petition for Damages and who respectfully aver:

1.

The allegations in Paragraph 1 of the Petition for Damages are denied except to admit that CMARIE TRANSPORTS, LLC is a foreign limited liability company authorized to do and doing business in this parish and state, and that JESSE R. CHATMAN is a person domiciled in the County of Mobile, State of Alabama. Except as admitted, the allegations in Paragraph 1 of the Petition for Damages are denied.

2.

The allegations in Paragraph 2 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

3.

The allegations in Paragraph 3 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

4.

The allegations in Paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

5.

The allegations in Paragraph 5 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

OUR FILE: 464.0396                    1

6.

The allegations in Paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

7.

The allegations in Paragraph 7 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

8.

The allegations in Paragraph 8 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

9.

The allegations in Paragraph 9 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondents call for strict proof.

10.

The allegations in Paragraph 10 of the Petition for Damages are denied, except to admit that if PROGRESSIVE SPECIALTY INSURANCE COMPANY issued an insurance policy to for or on behalf of Jesse R. Chatman or CMarie Transports, LLC, said policy speaks for itself and constitutes the best evidence of its terms, conditions, applications, exclusions and limitations thereof, the contents of which are pled herein as if copied herein in extensor, but without admitting any liability and/or damages and without waiving any exceptions, defenses and/or objections. Except as admitted, the allegations in Paragraph 10 of the Petition for Damages are denied.

**AFFIRMATIVE DEFENSES**

CMarie Transports, LLC and Jesse R. Chatman, hereinafter Respondents and/or Defendants, assert the following affirmative defenses and respectfully avers:

11.

Respondents deny any liability whatsoever to Plaintiff.

12.

Respondent avers that this accident was caused by the negligence of BENJAMIN OLIVIER, Angie Landry, and/or other third parties over whom Respondents had no control, which acts of negligence would serve as a bar to or in mitigation of any damages suffered, and which acts of negligence include, but are not limited to:

OUR FILE: 464.0396                    2

(a)     Failure to see what should have been seen;

(b)     Failing to keep a proper lookout;

(c)     Failing to take a last clear chance to avoid the accident in question;

(d)     Being inattentive to traffic conditions;

(e)     Failing to act as a reasonably prudent person would act under the same or similar circumstances;

(f)     Failure to yield;

(g)     Creating a sudden emergency;

(h)     Any and all other acts of negligence which may become apparent through the investigation and/or trial of this matter, all of which are specifically pled herein as if copied herein *in extenso;*

all of which acts of negligence were the sole and proximate cause of the accident in question and which were in violation of the Parish and State laws and ordinances which are pleaded herein as if copied herein *in extenso.*

13.

Respondents aver that Plaintiff failed to mitigate his damages.

14.

The damages awarded or to be awarded the Plaintiff should be reduced in proportion to the percentage fault of any other obligor or tort-feasor.

15.

Respondents aver that they are entitled to a credit for any and all amounts paid or to be paid to the Plaintiff by them or by any other party.

16.

Respondents aver that the accident, as alleged by the Petition for Damages, did not occur.

17.

Respondents aver that the Plaintiff does not have any cause or right of action against them.

18.

Respondents aver that the Plaintiff's claims are premature.

19.

Respondents aver the affirmative defense of want of amicable demand.

OUR FILE: 464.0396             3

20.

Respondents aver the affirmative defense of want of No Pay/No Play.

21.

Respondents have not seen all of the medical records for the Plaintiff. Without waiving any rights herein, Respondents aver that the injuries alleged by the Plaintiff may have been pre-existing and not caused by this accident, or that this accident only aggravated pre-existing injuries and did not cause the condition complained of by Plaintiff herein. Respondents reserve its right to supplement and amend the contents of this affirmative defense at any time.

22.

Respondents have not seen all of the medical records for the Plaintiff. Without waiving any rights herein, Respondents aver that the Plaintiff's medical treatment, records and bills may contain billing irregularities, unnecessary treatments, unreasonable treatment and improvident medical care. Respondents reserve its right to supplement and amend the contents of this affirmative defense at any time.

23.

Respondents affirmatively aver that to the extent that Plaintiff has or may have received medical treatment at a charity hospital, or from any other healthcare provider (as defined in LSA-R.S. 40:1299 41(A)(1)) and/or has or may have received or was the beneficiary of payments of medical expenses under a policy or policies of health, accident, worker's compensation, medical, hospitalization insurance and/or was a Medicare or Medicaid beneficiary, Respondents herein hereby assert the Exceptions of No Right and/or Cause of Action for, and affirmatively allege that Plaintiffs are not entitled to any recovery to the extent of the aforementioned claims as transferred in whole, or in part, to any medical provider, insurer, individual or entity.

24.

Any recovery of medical expense by Plaintiff, or alternatively, any recovery of medical expense by Plaintiff as against these defendants, should be limited to the reasonable, customary and actual expenses incurred and paid, whether by Plaintiff or by any health insurer on their behalf, after credit for all contractual adjustments, write-offs or other credits or offsets. Any medical billing for fictional and/or inflated amounts in excess of the reasonable, customary and actual charges for the services provided should be disregarded as without basis in reality, and any recovery by Plaintiff should be reduced to the reasonable, customary and actual expense.

25.

Any application of the legal doctrine known as the "collateral source rule" in contemporary circumstances, allowing recovery by Plaintiff of medical expenses which have been nominally billed in excess of the reasonable, customary and actual expense incurred, where the nominal medical billing has inflated to fictional proportions vastly exceeding actual expectations and reasonable customary billing, amounts to a denial constitutional guaranteed equal protection under the U.S. and Louisiana Constitutions, and is without legal justification, both generally and specifically with respect to these defendants.

26.

The Petition fails to state a claim upon which relief can be granted.

27.

And still further answering, Respondents aver that JESSE CHATMAN was not negligent and his actions did not cause this accident and/or plaintiff's injuries. JESSE CHATMAN was faced with a sudden emergency. The accident was unavoidable and beyond the scope of anything that he could have done to avoid the accident. JESSE CHATMAN used all reasonable caution to avoid the accident that forms the basis of this lawsuit.

28.

Without admitting that the Plaintiff's claims exceed the jurisdictional for a trial by jury, Respondents aver that if the Plaintiff's claims exceed the jurisdictional for a trial by jury, they are entitled to a jury trial and will post such bond that the Court may require.

29.

To the extent permitted by law, Respondents reserve their right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Respondents CMARIE TRANSPORTS, LLC and JESSE R. CHATMAN, prays that this Answer to Petition for Damages be deemed good and sufficient, for trial by jury if the facts so indicate, and, after due proceedings had, that there be Judgment rendered in their favor, dismissing the suit of Plaintiff, with prejudice, at Plaintiff's costs, and for all other general and equitable relief.

*SIGNATURE BLOCK AND CERTIFICATE OF SERVICE ON NEXT PAGE*

Respectfully submitted;

PATRICK D. DeROUEN (#20535)
DORIS A. ROYCE (#33698)
CHRISTOPHER J. SEEMANN (#36939)
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
        droyce@derouenlaw.com
        cseemann@derouenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, a copy of the above and foregoing was served on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed.

PATRICK D. DeROUEN, ESQUIRE
DORIS A. ROYCE, ESQUIRE
CHRISTOPHER J. SEEMANN, ESQUIRE

OUR FILE: 464.0396                 6

EAST BATON ROUGE PARISH
C-710796
Filed Apr 05, 2022 10:03 AM
22
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: C-710796 DIVISION: 22

BENJAMIN J. OLIVIER

VERSUS

PROGRESSIVE SPECIALTY INSURANCE COMPANY, ET AL.

FILED:_____ _____

DEPUTY CLERK

## REQUEST FOR NOTICE

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, CMARIE TRANSPORTS, LLC and JESSE R. CHATMAN, hereby requests written notice of the date set for trial of the above numbered and entitled cause, or of the date set for trial of any pleadings or motions therein, at least ten (10) days before any trial. We also request notice of the signing of any final Judgment or the rendition of any interlocutory order or Judgment in said cause as provided by Article 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

PATRICK D. DeROUEN (#20535)
DORIS A. ROYCE (#33698)
CHRISTOPHER J. SEEMANN (#36939)
DeROUEN LAW FIRM
650 Poydras Street, Suite 1913
New Orleans, Louisiana 70130
Telephone: (504) 274-3660

## CERTIFICATE OF SERVICE

I hereby certify that on March 2**, 2022 a copy of the foregoing pleading was served on counsel for all parties to this proceeding, by placing same in the United States mail, properly addressed and first class postage paid.

PATRICK D. DeROUEN (#20535)
DORIS A. ROYCE (#33698)
CHRISTOPHER J. SEEMANN (#36939)

OUR FILE NO.: 464.0396

1

MAR 25 2022

From:

07/07/2022 15:24    #830 P.018/019

EAST BATON ROUGE PARISH
Filed Jun 03, 2022 11:55 AM
Deputy Clerk of Court

C-710796
22

BENJAMIN J OLIVIER
(Plaintiff)

VERSUS

PROGRESSIVE SPECIALTY
INSURANCE COMPANY, ET AL
(Defendant)

DOCKET NO.: 710796    DIV.: 22

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

---

## AFFIDAVIT FOR LONG ARM SERVICE

BEFORE ME, the undersigned authority, personally came and appeared:

VICTORIA B. HONEYCUTT

who, after being duly sworn, did depose and declare that she sent a letter via certified mail, return

receipt requested, to defendant, JESSE R CHATMAN, on May 24, 2022. Enclosed with the letter

were copies of the Citation and Petition for Damages for the above entitled and numbered

proceeding; and that she received the Domestic Return Receipt specific to that mailing on June 3,

2022. A copy of same has been attached hereto as Exhibit "A".

VICTORIA B. HONEYCUTT

SWORN TO AND SUBSCRIBED before me, this 3rd day of June, 2022.

#91106

Notary Public

-1-

EAST BATON ROUGE PARISH
Filed Jun 03, 2022 11:55 AM
Deputy Clerk of Court

C-710796
22

BENJAMIN J OLIVIER
(Plaintiff)

VERSUS

PROGRESSIVE SPECIALTY
INSURANCE COMPNAY, ET AL
(Defendant)

DOCKET NO.: 710796    DIV.: 22

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

EXHIBIT "A"

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jesse R. Chatman
9945 CD Glaze Dr.
Theodore, AL 36582

9590 9402 7126 1251 9587 79

2. Article Number (Transfer from service label)
7021 0950 0000 0533 4252

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
            ☐ Addressee
B. Received by (Printed Name)  C. Date of Delivery
Brittney Dixon   5/27/22

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

-2-